UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| A.C. WICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| PRUDENTIAL INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Now comes the Plaintiff, A.C. WICK ("Plaintiff"), by his attorneys, MARK DEBOFSKY and DEBOFSKY LAW, LTD., and complaining against the Defendant, PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential" or "Defendant"), states as follows:

### NATURE OF THE ACTION

1. This is an action to recover insurance payments due under a group insurance policy (Plan No. 42120, or the "Plan") underwritten and administered by Prudential. Plaintiff brings this action pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132(a)(1)(B)). Plaintiff also seeks attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)).

### PARTIES

2. At all times relevant hereto, Plaintiff was and remains a natural person, residing in Cook County, Illinois.

3. At all times relevant hereto, Prudential was and remains the underwriter and claim administrator of the Plan.

4. At all times relevant hereto, Prudential was doing business within the Northern District of Illinois, Eastern Division.

## JURISDICTION

5. Jurisdiction in this Court is proper pursuant to ERISA §§ 502(e)(1) and (f) (29 U.S.C. §§ 1132(e)(1) and (f)). This action may also be brought before the district court pursuant to 28 U.S.C. § 1331, which provides subject matter jurisdiction over actions that arise under the laws of the United States.

6. Plaintiff has followed and exhausted all procedures for internal appeal of Prudential's adverse determinations as required by ERISA § 503 (29 U.S.C. § 1133). Therefore, this matter is ripe for judicial review.

## VENUE

7. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)), because Plaintiff resides in this District.

8. Venue is also proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391, because a substantial portion of the actions, events, and omissions giving rise to Plaintiff's claim occurred within this District.

## STATEMENT OF FACTS

9. From approximately November 2018, through to approximately August 2021, Plaintiff paid all premiums required to establish and maintain coverage under

the Plan. For all relevant times, he therefore was and remains an "Insured" as that term is defined under the Plan as well as a "Participant" in the Plan as that term is defined in 29 U.S.C. § 1002(7).

10. On or about July 8, 2021, Plaintiff applied for coverage (Claim No. 12956782) and provided evidence that established his entitlement to payments due under the Plan.

11. From July 8, 2021 through November 2021, Plaintiff worked diligently to assist Prudential in its investigation of Plaintiff's claim, with a Prudential representative representing to Plaintiff on July 27, 2021, after a cursory discussion, that Prudential had all the information it needed from Plaintiff in connection with his claim.

12. At no point following July 27, 2021, did Prudential seek additional information from Plaintiff or make any effort to interview him or in any way attempt to initiate any discussion or investigation with him regarding the factual bases for or nature of his claim.

13. Notwithstanding the foregoing, from July 27, 2021, through November 2021, Prudential engaged in an extended but haphazard and manifestly deficient investigation of Plaintiff's claim directed toward third parties to this action. In the course of Prudential's investigatory efforts, it repeatedly used erroneous contact information for the parties from whom it sought information, failed to follow up when it received no response to its defective information requests, and set impossible

3

deadlines for responses to the requests it made, including setting deadlines for responses prior to the requests being transmitted.

14. By way of example, on or about October 8, 2021, a Prudential representative sent an email to Plaintiff attaching a letter directed to a third party purporting to be dated September 10, 2021. The letter attached to this October 8, 2021 email requested a response "within ten business days," or by September 24, 2021. Plaintiff immediately forwarded this letter to the intended recipient by secure electronic communication, and the third party confirmed never receiving it from Prudential. As the date for a response was already well past, and as the third party had no prior knowledge of Prudential's request, Plaintiff sent an email to Prudential on October 10, 2021, explaining that the letter had not been received by the intended recipient and inquiring as to when a response could still be submitted.

15. Prudential's representative did not directly respond to Plaintiff's October 10 email, but instead sent a letter to Plaintiff by U.S. mail dated October 18, 2021, asking that additional information from the same third party be provided within 30 days, or by November 17, 2021. However, the letter was not received by Plaintiff until November 18, 2021, once again after the requested deadline.

16. Plaintiff promptly brought this issue to Prudential's attention, on November 19, 2021, again by email, noting that neither Plaintiff nor the third party were aware of Prudential's deadline until it had passed. Plaintiff therefore requested additional time for the third party to respond. Prudential refused Plaintiff's request and denied Plaintiff's claim the same day. As Prudential explained its denial:

4

> If information is received or not received prior to the end of the 30 days, we move forward with a decision. In this case, we did not receive [the requested information] and moved forward with a decision.

Prudential declined to acknowledge that it failed to ever inform the third party of its 30-day deadline or otherwise follow up on its previously mis-dated request for information.

17. In addition to relying on the failure of a third party to provide information in response to a request that Prudential had failed to send to that individual or to make on a timely basis, Prudential's November 19, 2021 denial relied on a fundamental misreading of Plan terms authored by Prudential, along with a series of pretextual and counterfactual assertions that could have been easily rebutted had Prudential engaged in a good-faith claims handling process.

18. Plaintiff thereafter retained the undersigned counsel to represent him in connection with submitting an appeal pursuant to 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1 seeking a full and fair review of Prudential's denial of the claim at issue.

19. On or about July 21, 2022, Plaintiff, through counsel, submitted a fully documented appeal to Prudential supported by extensive objective data and numerous witness statements that further established Plaintiff's entitlement to benefits due under the Plan.

20. During the course of Prudential's review of Plaintiff's appeal, Prudential obtained an independent evaluation and a second assessment that not only supported Plaintiff's claim, but directly controverting various of the factual premises underpinning Prudential's initial denial. Plaintiff additionally supplemented his

claim with additional evidence further supporting his appeal and by noting the concurring conclusions of Prudential's independent experts.

21. Although the overwhelming weight of the evidence supported Plaintiff's entitlement to payment, Prudential denied Plaintiff's pre-litigation appeal by again relying on erroneous and counterfactual assertions coupled with a fundamental misreading of the Plan.

22. In short, throughout Prudential's adjudication of Plaintiff's claim and appeal, Prudential has consistently failed to meet its fiduciary obligations under ERISA to ensure an accurate claim decision, provide Plaintiff with a "full and fair review," and apply "higher-than-marketplace quality standards" as required by ERISA § 503 (29 U.S.C. § 1133), 29 C.F.R. § 2560.503-1 and *Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105, 115 (2008).

23. Plaintiff is consequently entitled to benefits due under the terms of the Plan.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendant, and that the Court order Defendant to pay all past due benefits to Plaintiff in an amount equal to the contractual benefits to which he is entitled under the Plan pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B));

B. That the Court order Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued before the date of judgment at an appropriate rate under

ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) or ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)), or at such other rate as the Court may determine to be just and equitable;

C. That the Court order Defendant to maintain Plaintiff's benefit payments for as long as he continues to meet the Plan's terms and conditions for the receipt of benefits;

D. That the Court award Plaintiff attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)); and

E. That the Court award Plaintiff any and all other penalties, damages, and equitable relief to which he may be entitled.

Dated: February 21, 2023                        Respectfully submitted,

                                                */s/ Mark D. DeBofsky*
                                                Attorneys for Plaintiff
                                                A. C. Wick

Mark D. DeBofsky
DeBofsky Law, Ltd.
150 North Wacker Drive, Suite 1925
Chicago, Illinois 60606
Voice: (312) 561-4040
Fax: (312) 929-0309
Email: mdebofsky@debofsky.com